# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3344

_____

Syveno Jewell Wright

*Plaintiff - Appellee*

v.

Janne Johnson, Advanced Registered Nurse Practioner; Mary Benson, ARNP

*Defendants - Appellants*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: July 31, 2014
Filed: August 6, 2014
[Unpublished]

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

PER CURIAM.

Syveno Wright, who is confined at Iowa's Civil Commitment Unit for Sexual Offenders (CCUSO), filed this 42 U.S.C. § 1983 complaint alleging that Advanced Registered Nurse Practitioners Janne Johnson and Mary Benson, by failing to diagnose his prostate cancer in its early stages, showed deliberate indifference to his

serious medical needs. The district court[1] denied defendants' motion for summary judgment on the basis of qualified immunity, and they filed this interlocutory appeal. For the reasons that follow, we conclude defendants are entitled to qualified immunity and remand for further proceedings.

The summary judgment evidence, viewed in a light most favorable to Wright, established Wright had annual physical examinations while confined at CCUSO through December 2008, and he did not complain of health problems or urinary issues through that time. He first complained to Johnson in March 2009 about needing to urinate at night so frequently that he kept a coffee jar near his bed to use as a urinal, and, after she told him to decrease his evening fluid intake, Wright did not complain to her again or report back to her that decreasing his fluid intake at night had not resolved his problem. Wright then refused an annual physical in 2010, and Benson administered a PSA test before his 2011 annual physical, when Wright was 49. Upon detecting a risk of prostate cancer as a result of his elevated PSA, Benson referred Wright to a urologist, who performed a biopsy and ultimately a prostatectomy. Defendants did not advise Wright, who routinely had refused a digital rectal examination during his physicals, that such examinations were necessary to detect possible prostate cancer, or offer a male-administered exam; and they did not ascertain his family history, which included his father's death of prostate cancer at about 52, until after Benson had administered the PSA test. We conclude, however, upon de novo review, see Stoner v. Watlingten, 735 F.3d 799, 802 (8th Cir. 2013), that the evidence established defendants were entitled to qualified immunity, because the medical care they provided was at most negligent, see Fourte v. Faulkner County, Ark., 746 F.3d 384, 387-90 (8th Cir. 2014) (plaintiff had well-established right not to have known, objectively serious medical needs disregarded; serious medical need is one that has been diagnosed by physician as requiring treatment or one that is so

[1]The Honorable Donald E. O'Brien, United States District Judge for the Northern District of Iowa.

obvious that even layperson would easily recognize need for doctor's attention; deliberate indifference is more than negligence or even gross negligence); <u>Scott v. Benson</u>, 742 F.3d 335, 339-40 (8th Cir. 2014) (deliberate indifference standard applies to claims of constitutionally deficient medical care brought by persons involuntarily committed at CCUSO).

Accordingly, we conclude defendants are entitled to qualified immunity, and we remand for further proceedings consistent with this opinion.

_____